## THE REPUBLIC OF MEXICO *a.* ARRANGOIS.

*New York Superior Court ; Special Term, April,* 1855.

POWER OF COURT OVER ATTORNEYS. INQUIRY INTO AUTHORITY
OF ATTORNEY.

The court will not compel a respectable and responsible attorney to exhibit in the
preliminary stages of a suit his authority to appear, or his instructions in respect
to continuing or discontinuing the action, where no indicia of fraud are shown.*
The mere fact that another action has been commenced in another State after suit
brought here, and that it is still pending, is no reason for ordering discontinuance
of the suit in this State.

Motion that the attorney of plaintiffs be required to file with
the clerk his authority to sue, and his instructions.

This action was brought in the name of the Republic of
Mexico, to recover sums alleged to have been received by the
defendant, as agent of the Mexican government. The action
was commenced in January, 1855, and an order was then
made holding the defendant to bail.

The defendant now moved for an order, requiring the au-
thority for commencing this suit, to be produced and filed
with the clerk of this court, under the oath of the party who
may claim to be so authorized, and that all instructions to con-
tinue or discontinue the same should be so produced and filed,
and that upon default in the premises, or the absence of
authority to commence, or to continue this suit, that the same
be dismissed with costs, or such other relief as may be just.

This motion was based upon an affidavit, stating, that since
this action was brought the plaintiffs had caused another action
to be brought against him in the Republic of Mexico, where
the same was now depending; and stating also that the defend-
ant " has reason to believe, and does believe, that this suit is
prosecuted against him without authority from the said
Republic, and that, should judgment be rendered here in his

---

\* Compare the ninety-nine Plaintiffs *a.* Vanderbilt, *ante* 193.

behalf, the same will be for this reason repudiated by said Republic."

This motion was opposed upon the proceedings that have been had in the action, and the affidavit of the Mexican Minister resident at Washington..

That affidavit stated that the minister had received the order of his government, to demand the sum so retained, and to prosecute the same by suit, and that this action is brought under such orders.

*John Anthon*, for the motion.

*Daniel Lord*, opposed.

Bosworth, J.—When a respectable and responsible attorney appears for a party, the court will not ordinarily inquire into the fact whether he was actually authorized to appear or not. (Denton *a.* Noyes, 6 *Johns. R.* 296).

Where no circumstances are shown calculated to raise a suspicion of fraud, or of an attempt to impose upon a party, or to abuse or pervert the process of the court, even the mere fact of authority will not be investigated. In this case, the fact of actual authority having been given is sworn to. The position of the party in respect to the plaintiffs, and to the defendant in this transaction, by whom the authority was given, and by whose orders the action was brought, is such as to repel all suspicion or presumption that no such authority has been given as he swears he has received.

There is nothing opposed to the positive affidavit of the Minister Plenipotentiary of the Republic of Mexico but the affidavit of the defendant, that "he has reason to believe, and does believe, that this suit is prosecuted against him without authority from the said Republic. No fact is stated as the basis of his belief, nor are any of the "reasons" of the belief mentioned.

Whether the court would require evidence of the authority to be filed before entry of the judgment, or at the time of entering it, as a greater protection to the defendant, it is unnecessary to decide now. No facts are stated to render it the duty of the court to require it to be filed, in the present state of the action.

The Republic of Mexico *a.* Arrangois.

No satisfactory reason is assigned for requiring any instructions, that may have been given as to *continuing* or *discontinuing* the action, to be filed. To make such an order would be equivalent to requiring an attorney to disclose the orders given him, as to the conduct of the suit, and the contingencies on which he should abandon it.

No authority is cited in support of such practice, and an attempt of the court to interfere in that manner with the ordinary course of litigation, would naturally be viewed with some surprise.

The mere fact of the commencement of an action in another State after this was brought, and its pendency, is no reason for ordering this to be discontinued. It is not averred that the defendant has been personally served with process in that action, or that he has even appeared in it.

It is not averred that he has been *arrested* in it, or that any of his property has been attached by any proceedings taken in it, or that he has any that can be reached by any proceedings that can be taken in it.

If a judgment should be rendered in that action by which the rights of the parties would be concluded, before the one pending here is tried, this court would permit the judgment there to be plead. *puis darrein continuance*, or by supplemental answer.

If the two suits should proceed, *pari passu* to judgment and execution, it would order the one recovered here satisfied on payment of the one recovered in Mexico.

So it would make any order proper and adequate to protect the defendant, on a state of facts being presented, that called for its interference.

Nothing is shown on this motion, rendering it necessary or expedient for the court to now make any order interfering with the ordinary modes of procedure in such an action. The motion must therefore be denied, with $7 costs.